**IN RE C.M.**

[230 N.C. App. 193 (2013)]

IN THE MATTER OF C.M.

No. COA13-546

Filed 5 November 2013

**Child Abuse, Dependency, and Neglect—neglect—erroneous award of guardianship to non-relatives—cessation of review**

The trial court erred in a child neglect case by awarding guardianship to non-relatives and ceasing further review in the matter. On remand, the trial court should ensure that respondent father's right to appear at hearings in the matter and his right to effective assistance of counsel are protected.

Appeal by respondent from order entered 6 March 2013 by Judge Herbert L. Richardson in District Court, Robeson County. Heard in the Court of Appeals 8 October 2013.

*No brief filed, for petitioner-appellee Robeson County Department of Social Services.*

*Jeffrey L. Miller, for respondent-father-appellant.*

*Lindsey A. Houk, for guardian ad litem.*

STROUD, Judge.

Respondent-father appeals order awarding guardianship to non-relatives and ceasing further review in the matter. For the following reasons, we reverse and remand.

## I. Background

On 26 March 2010, Robeson County Department of Social Services ("DSS") filed a juvenile petition alleging Claire[1] was a neglected juvenile. On 15 April 2010, DSS amended its juvenile petition and alleged Claire was abused and neglected. None of the allegations of abuse or neglect in the petitions mention Claire's father, the respondent. On 15 April 2010, the district court entered an order placing Claire in the nonsecure custody of DSS. On 4 June 2010, the district court adjudicated Claire a neglected juvenile. This same date, the district court entered

---

1. A pseudonym will be used to protect the identity of the child at issue.

a disposition order ordering Claire remain in the custody of DSS.[2] On 18 January 2013, the district court entered an order changing the plan for Claire "from reunification with the mother to guardianship with a court approved caretaker." On 6 March 2013, the district court ordered "legal guardianship be awarded to non-relatives" and "further requirements of review as set forth in N.C.G.S. 7B-906, et. seq. will no longer [be] deemed necessary as to juvenile . . . and will no longer be a requirement as to this matter." Respondent-father appeals the 6 March 2013 order.

## II. Competent Evidence

Respondent-father contends that the trial court's findings of fact are not supported by competent evidence. We agree. "Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." *In re J.C.S.*, 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004).

The entire transcript for the 6 March 2013 order is eight pages, and much of the dialogue does not even concern the child at issue on appeal, but rather another child who has the same mother but a different father. The trial court found as fact:

> 3. That the child is currently placed in a licensed foster home.
>
> 4. That on October 31, 2012 the plan for this child was changed to guardianship with a court approved caretaker.
>
> 5. That [Claire] has been in her current placement for more than 1 year.
>
> 6. That the current plan for this child is to grant guardianship of [Claire] . . . to Hazel and Aaron Hunt, non-relatives and that there be no need for further review.
>
> 7. That a Guardian ad Litem Court Report, marked GAL Exhibit "A" was admitted into evidence.

---

2. At this point DSS filed multiple juvenile petitions and the trial court entered corresponding adjudication and disposition orders. Neither the subsequent petitions or orders change the outcome of this case and as respondent-father states in his brief, "[i]t is unclear from the record why a third and fourth juvenile petition or the second and third adjudication and disposition Orders were required or entered since DSS remained the court-ordered custodian of the juvenile at all times and the juvenile court's continuing authority under the initial petition and orders had never been relinquished or terminated by the court."

8. That the return of this Child to the home of the parents would be contrary to the welfare of this Child.

Based on the transcript before us, no evidence was taken during the hearing at all; indeed, no testimony was taken, no exhibits were actually admitted,[3] and no previous orders were judicially noticed or incorporated in Claire's case.

The only remaining findings of fact are:

1. That this matter came on for a Permanency Planning Review pursuant to G.S. 7B-907.

2. That the Child, [Claire] . . ., is currently in the legal care, custody and control of the Robeson County Department of Social Services, pursuant to a nonsecure custody Order entered on March 26, 2010.

These findings of fact are certainly not enough to support any conclusions of law regarding awarding guardianship or ceasing review pursuant to North Carolina General Statute § 7B-906. Accordingly, we reverse and remand. Furthermore, although we need not address respondent's remaining arguments on appeal since we reverse the 6 March 2013 order for the reasons as stated above and remand for further proceedings, we do note that respondent's arguments regarding his right to appear at hearings in the matter and his right to effective assistance of counsel are well-taken, and on remand the trial court should ensure that his rights are protected.

### III. Conclusion

For the foregoing reasons, we reverse and remand.

REVERSED and REMANDED.

Judges McGEE and BRYANT concur.

---

3. The trial court asked if "we [have] some paper work" as to Claire's visitation with her mother and DSS's counsel responded that "Yes, they are, Your Honor. They will be approaching." We are unable to connect this cryptic statement to any particular exhibit in the record on appeal, and the record does not include an exhibits/evidence log prepared by the clerk which might indicate that any exhibits were actually offered or admitted.